IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRINITY BAPTIST CHURCH aka <br> TRINITY SOUTHERN BAPTIST CHURCH <br> aka PROVIDENCE CHURCH, <br><br> Plaintiff, <br><br> v. <br><br> GUIDEONE ELITE INSURANCE <br> COMPANY, *et al.*, <br><br> Defendants. | Case No. CIV-06-1201-D |

**O R D E R**

Before the Court is Defendant GuideOne Elite Insurance Company's Second Motion for Partial Summary Adjudication [Doc. No. 145].[1] Defendant seeks a determination as a matter of law pursuant to Fed. R. Civ. P. 56 that Plaintiff cannot prevail on its only remaining tort claim of insurer's bad faith or, alternatively, cannot recover punitive damages. Plaintiff has opposed the motion, and Defendant has filed a reply brief. The Motion is thus at issue.

During the pendency of Defendant's Second Motion, the Court decided Defendant's first motion and ruled: "Defendant is entitled to a determination as a matter of law that Plaintiff's bad faith claim is time-barred as to all conduct by which Defendant allegedly breached its duty of good faith and fair dealing *except* conduct with respect to the additional 'ordinance or law' coverage allegedly due under the policy. Subject to other summary judgment rulings, only this limited bad

---

[1] All references to "Defendant" mean GuideOne Elite Insurance Company.

faith claim remains for trial." *See* Order 8/28/09 [Doc. No. 192] at 18. Thus, only facts and arguments pertinent to the remaining claim are considered in ruling on the Second Motion.[2]

Plaintiff asserts a bad faith claim arising from Defendant's handling of an insurance claim for the loss of its building and other property due to a tornado on May 8, 2003. Plaintiff claims Defendant breached its duty of good faith and fair dealing in numerous ways, including withholding payment, unreasonably delaying payment of some benefits and denying other benefits without a reasonable basis, refusing to pay for reasons contrary to law, intentionally misapplying provisions of the policy, using the fact of the unequal wealth and bargaining positions of parties to take advantage of Plaintiff for economic gain, failing to properly and promptly investigate Plaintiff's claim, failing to properly evaluate the investigation that was done, failing to adopt and implement reasonable standards for the prompt investigation in handling of claims, not attempting to effectuate a prompt and fair settlement once liability had become reasonably clear, attempting to take advantage of Plaintiff's precarious financial position to force Plaintiff into an unfavorable settlement, and unreasonably delaying the investigation and evaluation of Plaintiff's claim. *See* First Am. Compl. [Doc. No. 19] at 2-3, ¶ 11.

By its Second Motion, Defendant asserts it "was and is justified in withholding payment of Plaintiff's code upgrade claim, for several reasons." *See* Def.'s Second Motion [Doc. No. 145] at 20. Included in these reasons is the contention there is a legitimate dispute concerning the scope of code upgrade coverage, which is the subject of Plaintiff's Motion for Partial Summary Adjudication and is addressed by a separate order. Defendant further asserts its "investigation of Plaintiff's code upgrade claim was reasonably appropriate under the circumstances." *Id*. at 29.

---

[2] The Court intimates no view of whether facts and evidence concerning prior conduct, although time-barred as a basis for recovery, are relevant to proof of bad faith conduct with regard to "ordinance or law" coverage or to recovery of punitive damages.

Alternatively to a request for summary judgment, Defendant seeks a determination that Plaintiff cannot recover any punitive damages on its bad faith claim.

## Undisputed Facts

The insurance claim for "code upgrade" coverage arises from a policy provision that provides additional coverage when a covered loss occurs to an insured building and causes the enforcement of an ordinance or law that regulates the repair or reconstruction of the building or establishes zoning or land use requirements. The maximum payment available under this provision is $250,000 for any one coverage, or $500,000 for a combination of coverages, for (1) the actual loss resulting from the required demolition of the undamaged parts of that building, (2) the amount spent to demolish and clear the site of the undamaged parts of that building, and (3) the amount spent for the increased cost to repair or reconstruct that building.

Since December 23, 2003, Plaintiff has claimed entitlement to code upgrade benefits in the amount of $250,000. Currently, Plaintiff claims $279,767 for code upgrade expenses and $163,281 for the removal and replacement of certain walls, as determined by Plaintiff's expert, David Battle. Defendant has paid Plaintiff $23,755.89 for code upgrade expenses relating to the installation of a fire safety sprinkler system. On March 28, 2005, Defendant invoked the appraisal process provided by the policy in an effort to determine potentially applicable codes and costs. The appraisal process was completed in July of 2006, when the appraisers issued separate reports which agreed on the cost of most code upgrade items. Defendant took the position, however, that Plaintiff could not recover any amount for code upgrade coverage until the expenditures were made or the work was completed, and until Plaintiff had provided documentation of covered expenditures to Defendant. Also, Defendant took the position that, by relocating and constructing a different type of building, Plaintiff could not claim some code upgrade items that would otherwise have been covered.

**Standard of Decision**

Summary judgment is appropriate if the pleadings, affidavits, depositions, and evidence on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A movant under Rul 56 bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(e). In assessing the record presented, all facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.

**Discussion**

Under Oklahoma law, which governs this diversity case, "[t]he essence of an action for breach of the duty of good faith and fair dealing 'is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences may be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.'" *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005) (quoting *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)). An insured need not prove "conduct on the part of an insurer that was intended to harm, injure or deceive its insured." *Id*. at 1093 n.6. Rather, "[a] central issue in any analysis to determine whether [bad-faith conduct] has occurred is gauging whether the insurer had a good faith belief in some justifiable reason for the actions it took or omitted to take that are claimed violative of the duty of

4

good faith and fair dealing." *Id*. at 1093-94. "[T]he minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer." *Id*. at 1094. The applicable burden of proof is the "usual preponderance of the evidence standard." *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 913 (Okla. 1982).

Applying these standards here, the Court finds that a genuine issue of material facts precludes summary judgment on Plaintiff's bad faith claim. Plaintiff presents facts and evidence to show that, despite Defendant's invocation of the appraisal process and the appraisers' agreement regarding many code upgrade items, Defendant refused to pay for covered items without further documentation of expenditures. Also, although Defendant invoked the appraisal process and involved experts, in part, to determine what code provisions would apply to reconstruction of the building, Defendant subsequently took the position that Plaintiff needed to establish both that a particular code provision would be enforced and that it would apply at Plaintiff's new location. The record also indicates that Defendant communicated a denial of code upgrade coverage as to certain items after receiving the appraisal reports but, for other items, neither denied nor paid Plaintiff for necessary costs. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find that Defendant did not undertake a timely and appropriate investigation of code upgrade coverage nor make fair evaluation of the information it obtained. Therefore, Defendant is not entitled to summary judgment on Plaintiff's bad faith claim.

Similarly, the Court finds that Plaintiff has demonstrated a genuine issue of material facts regarding whether Defendant's conduct may warrant an award of punitive damages. Under Oklahoma's statute, "for punitive damages to be allowed there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred."

*Badillo*, 121 P.3d at 1106 (emphasis omitted); *see* Okla. Stat. tit. 23, § 9.1(B).  The summary judgment record contains sufficient facts and evidence that, viewed most favorably to Plaintiff, could support a reasonable finding that Defendant recklessly disregarded Plaintiff's rights to fair treatment, reasonable investigation, and timely payment for code upgrade coverage.   Therefore, Defendant also is not entitled to a summary adjudication of the issue of punitive damages.

## Conclusion

Therefore, GuideOne Elite Insurance Company's Second Motion for Partial Summary Adjudication [Doc. No. 145] is DENIED.

IT IS SO ORDERED this 15th day of September, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE